OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of Charles D. Johnson, filed March 21, 2007. On December 27, 2006, two City of Dayton police officers, while conducting surveillance of a known drug house on George Street, observed Johnson driving and then parking a vehicle in the area of the drug house. The officers approached the vehicle to *Page 2 
conduct a field interview. Their investigation revealed that a warrant had been issued for Johnson in Franklin County and that he was driving under suspension. Johnson was cited for operating a motor vehicle without a valid license, in violation of R.C. 4510.12, for driving under suspension, in violation of R.C. 4510.11(A), for driving under financial responsibility law suspension, in violation of R.C. 4510.16(A), and for failure to wear a safety belt, in violation of R.C. 4513.263(B)(1). Following a trial in Dayton Municipal Court on March 5, 2007, the trial court convicted Johnson of operating a motor vehicle without a valid license, driving under suspension, and driving under financial responsibility law suspension. The trial court sentenced Johnson for operating a vehicle without a valid license, suspending his 90 day jail sentence, imposing a fine of $150.00, and placing Johnson on monitored unsupervised probation for a period not to exceed a year.
 {¶ 2} Johnson asserts one assignment of error as follows:
 {¶ 3} "THE TRIAL COURT ERRED WHEN IT FOUND APPELLANT GUILTY OF VIOLATIONS OF R.C. 4510.16(A) (DRIVING UNDER FINANCIAL RESPONSIBILITY LAW SUSPENSION OR CANCELLATION), R.C. 4510.12(A)(1) (OPERATING A MOTOR VEHICLE WITHOUT A VALID LICENSE), AND R.C. 4510.11(A) (DRIVING UNDER SUSPENSION OR IN VIOLATION OF A LICENSE RESTRICTION)."
 {¶ 4} R.C. 4510.11(A) provides, "No person whose driver's license * * * has been suspended * * * shall operate any motor vehicle upon the public roads * * * during the period of suspension." R.C. 4510.16(A) provides, "No person, whose driver's license * * * has been suspended, shall operate any motor vehicle within this state * * * during the period of suspension * * *. No person shall operate a motor vehicle within this state * * * during the *Page 3 
period in which the person is required by section 4509.45 of the Revised Code to file and maintain proof of financial responsibility for a violation of section 4509.101 of the Revised Code, unless proof of financial responsibility is maintained with respect to that vehicle." R.C. 4510.12(A)(1) provides, "No person * * * shall operate any motor vehicle * * * unless the person has a valid driver's license issued under Chapter 4507 of the Revised Code * * * ."
 {¶ 5} Johnson argues, "the trial court erred by entering judgments of guilty against him for the offenses of driving without a valid license and also driving with a suspended license," in reliance on State v.Johnson, Montgomery App. No. 19810, 2004-Ohio-667 (holding defendant "cannot be convicted of operating a motor vehicle without a valid driver's license and driving under a suspension of a license for the same act. The offenses are mutually exclusive")
 {¶ 6} The State argues that the holding in Johnson "has been superceded by a statutory amendment to Ohio Revised Code 4510.01(H) which went into effect after the State v. Johnson case was heard. * * * Before the new definition was added to O.R.C. 4510.01, the State was required to prove that a driver had an otherwise valid license before they could be found guilty of operating a motor vehicle while under suspension. This was because the definition of suspension presumed that an individual had an otherwise valid license which was under suspension. * * * However, under the new O.R.C. 4501.01 definition, not only is someone who had an otherwise valid license which is now under suspension subject to the provisions of O.R.C. 4510.16 and 4510.11, someone who never had a license or who at one time had a license which is now expired is also subject to those provisions."
 {¶ 7} R.C. 4510.01(H) became effective in January, 2004. It provides, "`Suspend' or `suspension' means the permanent or temporary withdrawal, by action of a court or the bureau *Page 4 
of motor vehicles, of a driver's license, commercial driver's license, temporary instruction permit, probationary license, or nonresident operating privilege for the period of the suspension or the permanent or temporary withdrawal of the privilege to obtain a license, permit, or privilege of that type for the period of the suspension."
 {¶ 8} The definition of "suspend" or "suspension" notwithstanding, by the express language of R.C. 4510.11(A) and R.C. 4510.16(A), an element of proof of driving under suspension is a driver's license having been issued and suspended, and the State is estopped from then simultaneously asserting that Johnson operated the vehicle at the same time and place without a driver's license, pursuant to R.C. 4510.12. See State v.Lesley (Feb. 26, 1986), Montgomery App. No. 9402. We note, page one of State's Exhibit 1, from the Ohio Bureau of Motor Vehicles, indicates Charles Johnson's name, date of birth, SSN and "OHIO Operator's License Number: RX544641."
 {¶ 9} Accordingly, Johnson's conviction for operating a motor vehicle without a driver's license is hereby reversed and ordered vacated. His convictions for two counts of driving under suspension are affirmed.
 FAIN, J. and GRADY, J., concur. *Page 1